Gregory L. Kirakosian  (SBN 294580)
  [greg@kirakosianlaw.com]
**KIRAKOSIAN LAW, APC**
11684 Ventura Blvd., Suite 975
Studio City, California 91604
Telephone: (213) 986-5389
Facsimile:  (213) 477-2355

*Attorneys for Plaintiff,*
PEDRO CERVANTES

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO CERVANTES,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN BERNARDINO, DEPUTY M. WONG, DEPUTY M. ALVERADO, SERGEANT GOINES, AND DOE DEPUTIES 1 - 10,<br><br>Defendants, | **Case No.:  2:24-cv-9692**<br><br>**PLAINTIFF'S  COMPLAINT FOR DAMAGES**<br><br>1. Unlawful Search and Seizure (42 U.S.C. § 1983);<br>2. Excessive Force (42 U.S.C. § 1983);<br>3. False and Malicious Investigation and Prosecution (42 U.S.C. § 1983);<br>4. Negligence;<br>5. False Arrest / Imprisonment;<br>6. Battery;<br>7. Malicious Prosecution; and<br>8. Violation of the Bane Act (Cal. Civ. Code § 52.1).<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

Kirakosian Law, APC

- 1 -

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

**INTRODUCTION**

1.    Plaintiff Pedro Cervantes ("Plaintiff"), hereby files this Complaint for Damages against County of San Bernardino, Deputy M. Wong, Deputy M. Alverado, Sergeant Goines, and DOE Deputies 1 - 10.

2.    As discussed in further detail herein, this Complaint arises out an incident that occurred on April 29, 2024, at or near Havenue Ave / Sixth Street, in the City of Rancho Cucamonga, in the County of San Bernardino.   Plaintiff alleges that the Defendants conduct constituted or led to the unlawful stop, search, or seizure, false arrest, malicious prosecution, and accompanying State law violations against Plaintiff.

**JURISDICTION AND VENUE**

3.    This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiff's claims arises under the laws of the United States, including the United States Constitution, the Fourth Amendment, and 42 U.S.C. § 1983.

4.    This Court has supplemental jurisdiction over Plaintiff's State law claims pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

5.    Venue is proper in this Court under 28 U.S.C. § 1391(b) because all incidents, events, and occurrences giving rise to this action occurred in the County of San Bernardino, California, and because all Defendants reside in the County of San Bernardino, California.

**PARTIES AND GENERAL ALLEGATIONS**

6.    At all relevant times, Plaintiff Pedro Cervantes were individuals residing in the County of San Bernardino, California.

7.    At all relevant times, County of San Bernardino, Deputy M. Wong, Deputy M. Alverado, Sergeant Goines, and DOE Deputies 1 - 10, were individuals residing in the County of San Bernardino, California. Hereinafter, these Defendants

- 2 -

KIRAKOSIAN LAW, APC

will be referred to collectively as the "Individual Deputies."

8. At all relevant times, the Individual Deputies were acting under the color of law within the course and scope of their employment and duties as agents for Defendant County of San Bernardino. At all relevant times, the Individual Deputies were acting with the complete authority and ratification of their principal, Defendant County of San Bernardino. Pursuant to California Government Code Section 815.2, Defendant County of San Bernardino is vicariously liable for the acts, omissions and conduct of its employees.

9. At all relevant times, Defendant County of San Bernardino is and was a governmental entity organized and existing under the laws of the State of California in the County of San Bernardino, California. Herein after, the Individual Deputies and County of San Bernardino will be collectively referred to as "Defendants".

10. At all relevant times, County of San Bernardino is and was a chartered subdivision of the State of California with the capacity to be sued. County of San Bernardino is responsible for the actions, omissions, policies, procedures, practices, and customs of its various employees, agents and agencies, including its own police force and its agents and employees, including the Individual Deputies. At all relevant times, Defendant County of San Bernardino was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of its police force and its employees and agents complied with the laws of the United States and of the State of California, including the Individual Deputies.

11. The true names and/or capacities of the Individual Deputies designated as DOES are unknown to Plaintiff at this time and therefore Plaintiff files this Complaint against said DOE Defendants by such fictitious names. Plaintiff will seek leave of Court to amend the Complaint to identify the true names and capacities of said DOE Defendants when their names are ascertained.

12. Plaintiff is informed and believes, and upon such information and belief, alleges that, at all relevant times,   each Defendant is the agent, employee, alter ego,

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

servant, successor-in-interest and/or joint venturer of each other defendant and that in doing the things herein alleged, each Defendant was acting within the course, scope, and authority of such agency, employment, service, successor-in-interest and/or joint venture.

13. Plaintiff is informed and believes, and upon such information and belief, alleges that, each Defendant is contractually, strictly, vicariously liable and/or otherwise legally responsible in some manner for each and every act, omission, obligation, event or happening set forth herein. Plaintiff

14. Plaintiff is informed and believes, and upon such information and belief, alleges that, each Defendant acting as a employer or principal, was negligent in the selection and hiring of each and every other Defendant as an agent, servant, employee, successor-in-interest, and/or joint venturer. Further, the acts of each Defendant, were consented to, ratified and/or authorized and confirmed by each other defendant.

15. Plaintiff is informed and believes, and upon such information and belief, alleges that, the acts of each Defendant was fully ratified by each and all other Defendants. Specifically, and without limitation, Plaintiff is informed and believes, and upon such information and belief, alleges that, the actions, failures to act, and breaches alleged herein are attributed to one or more Defendant was approved, ratified, and done with the cooperation and knowledge of each and all of the other Defendants.

## SHORT STATEMENT OF INCIDENT

16. The "Incident" at issue in this action occurred on April 29, 2024, at approximately 9:30 PM, at or near Havenue Ave / Sixth Street, in the City of Rancho Cucamonga, in the County of San Bernardino.

17. Prior to any law enforcement interaction, Plaintiff was involved in a motor vehicle accident which caused his motorcycle to break down near the corner of Havenue and Sixth. Plaintiff was helped by good Samaritans and had to leave his motorcycle until he could go home and get the necessary tools to fix his motorcycle to

KIRAKOSIAN LAW, APC

drive it away from the scene.

18.    After obtaining his tools, Plaintiff returned to his motorcycle. Plaintiff first noticed the Defendants' presence when at approximately 9:30 PM, when Plaintiff had returned to his motorcycle and two Deputy Patrol Vehicles were parked on the street adjacent to his motorcycle on the sidewalk. Plaintiff initially stood near his motorcycle and did not see any Deputies exit their vehicles or approach him. However, eventually, the Individual Deputies believed to be Deputy Wong and Alverado.

19.    Plaintiff approached his motorcycle, opened his backpack, emptied all his tools and parts onto the grass near the motorcycle, and was going to begin fixing his motorcycle. Suddenly, both Defendant Deputies Wong and Alverado approached him and began to ask him questions.  Plaintiff was allegedly under suspicion of possibly attempting to steal the bike that was directly next to and under the noses of the Individual Deputies.

20.    Plaintiff was calm and provided his name and driver's license number and explained that the motorcyle on him.  Deputy Wong asked if Plaintiff had any weapons on him and if Plaintiff would consent to a search. Plaintiff explained he did not have weapons, was minding his own business, had not and was not doing anything wrong, and would not consent to search. Deputy Wong explained that he would be searched whether Plaintiff consented or not.  Deputy Wong again explained that he was under the suspicion of stealing the bike. Plaintiff continued to show proof that the motorcycle was his, even showing his insurance for the motorcycle, proof of ownership of the motorcyle, and multiple pictures of him working on, fixing, and riding the motorcycle, and other evidence that wasn't even requested to effectively prove that he was not attempting to steal the motorcycle.

21.    After Deputy Wong again requested to search Plaintiff, Plaintiff asked "but I'm not even doing anything wrong."  Deputy Wong agreed that they don't believe Plaintiff did anything wrong, but that he would still have to be subject to a

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

search. Deputy Alvarado continued explaining that he would have to be searched. Plaintiff also showed his scrapes and bruises from the accident that happened 30 minutes prior and continued to explain the circumstances in a calm manner, while also being adament that he would not consent to a search.

22.    Plaintiff is informed and believes that, after getting all of Plaintiff's information, the Individual Officers ran Plaintiff's information and found no reason to further suspect Plaintiff of any warrants, probation search conditions, or any crime.

23.    Therafter, Sergeant Gines and other DOE Deputies arrived and continued to insist that Plaintiff prove the bike is his. Plaintiff again provided proof that the motorcyle was his..

24.    Thereafter, Despite the foregoing, Defendants continued to insist that Plaintiff submit to a search of his person. Plaintiff exercised his constitutional rights and refused to consent to a search of his person. The Defendant Deputies insisted and threatened to arrest him if he continued to refuse to a search. Plaintiff repeatedly asked for the basis to search and seize him, but Defendants had no explanation, only insisting that he would have to be searched.

25.    At all relevant times, there was no reasonable suspicion to believe that Plaintiff had any weapons on him. Plaintiff calmly spoke with the police and proved the motorcycle was his, and his body was visible at all times. Plaintiff complied with all questions and commands, with the exception of his exercise of his rights to refuse a body search. At no point could any weapons or items that could possibly be weapons be observed on Plaintiff's person or in his pockets.

26.    Eventually, the Defendants tackled Plaintiff to the ground, handcuffed him, searched him, and found no items in his pockets - let alone any items that would led to a belief that he was potentially armed with any weapons.

27.    After booking and charging Plaintiff with resisting, Defendants prepared reports that had material omissions and falsehoods in an attempt to continue their malicious prosecution of Plaintiff for resisting. Those charges were subsequently

KIRAKOSIAN LAW, APC

dropped.

28. Ultimately, Plaintiff was arrested and the Individual Deputies prepared reports in support of charging Plaintiff with PC 148 - Obstruction and Resisting, PC 71 - Threatening a Public Official, HS11550 - Under the Influence. Criminal charges were initially filed against Plaintiff, the underlying criminal case, Case No. MWV24006680, was dismissed on 5/24/2024, following a motion to suppress evidence for the violation of Plaintiff's Fourth Amendment rights.

29. For the conduct alleged above and further detailed below, Plaintiff hereby bring the following causes of action:

**FIRST CLAIM FOR RELIE**

**Unlawful Search and Seizure in Violation of 42 U.S.C. § 1983**

(*Plaintiff Against All Individual Deputies*)

30. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

31. On April 29, 2024, the Individual Deputies stopped, searched, and seized the Plaintiff's person and property.

32. The Individual Deputies searched and seized Plaintiff's person and property, and did so intentionally, in that the Individual Deputies acted with a conscious objective to search and seize Plaintiff.

33. Specifically, by means of force and a show of authority, the Individual Deputies commanded and ordered that the Plaintiff refrain from moving, leaving the location of the interaction, or going about his business.

34. At all relevant times, the encounter was not a consensual encounter, but a search and seizure in which Plaintiff was not at liberty to ignore the police presence and go about Plaintiff's business.

35. At all relevant times before the Individual Deputies conducted the search and seizure, the Individual Deputies did not have a warrant to conduct the search and seizure.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

KIRAKOSIAN LAW, APC

36. At all relevant times before and at the time the Individual Deputies conducted the search and seizure, the Individual Deputies did not have the express consent of Plaintiff to conduct the search and seizure.

37. At all relevant times before, during, and after the Individual Deputies conducted the search and seizure, the Individual Deputies did not state any reason or basis as to why the seizure was needed, necessary, reasonable, or lawful.

38. At all relevant times before the Individual Deputies conducted the seizure, the Plaintiff had not, did not, and was not about to commit any crime. Moreover, Plaintiff is informed and believes, and upon such information and belief, alleges that the Individual Deputies observed no facts or circumstances that would lead a reasonable law enforcement officer to believe that Plaintiff had, did, or was about to commit any crime.

39. At all relevant times before the Individual Deputies conducted the seizure, the Plaintiff was not subject to a lawful arrest.

40. At all relevant times before and at the time the Individual Deputies conducted the search and seizure, there was no lawful or justifiable basis that would justify the scope or length of the search and seizure.

41. At all relevant times before and at the time the Individual Deputies conducted the search and seizure, there were no facts apparent to the Individual Deputies that would lead the Individual Deputies to believe that Plaintiff's might gain possession of a weapon.

42. At all relevant times before the Individual Deputies conducted the search and seizure, there were no facts apparent to the Individual Deputies that would lead the Individual Deputies to reasonably believe that Individual Deputies might destroy or hide evidence.

43. At all relevant times before the Individual Deputies conducted the search and seizure, there were no facts apparent to the Individual Deputies that would lead the Individual Deputies to reasonably believe that there were any exigent

- 8 -

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

KIRAKOSIAN LAW, APC

circumstances where there was insufficient time to get a search warrant.

44. When conducting the search and seizure, the Individual Deputies violated Plaintiff's rights to be secure against unreasonable searches and seizures as guaranteed to Plaintiff under both State law and the Fourth Amendment to the United States Constitution.

45. The Individual Deputies conducted the search and seizure, as described herein, and did so intentionally, in that it was their conscious objective to search and seize Plaintiff.

46. Based on the objective facts readily available and known to the Individual Deputies, no reasonable conclusion could be drawn that Plaintiff had committed, was committing, or was about to commit any crime.

47. Based on the objective facts readily available and known to the Individual Deputies, no reasonable conclusion could be drawn to conclude that the search and seizure was reasonable or lawful under the circumstances.

48. Although not required as proof of the unlawful search and seizure, Plaintiff alleges that the Individual Deputies acted with either the knowledge and intent to violate Plaintiff's civil rights, or with a reckless disregard that their intentional actions would likely lead to the violation of Plaintiff's civil rights.

49. Individual Deputies violated not only their departmental training, but California's "Police Officer Standards and Training" policies as well all common sense and human decency.

50. The Individual Deputies knew that their conduct could and would likely result in the violation of Plaintiff's State and Federal civil rights.

51. The Individual Deputies knew that their conduct could and would likely result in further significant injury or the unnecessary and wanton infliction of emotional distress.

52. The Individual Deputies disregarded the risks that their conduct would likely result in a violation of rights and cause damages to Plaintiff.

53.    As a result of the misconduct alleged herein, the Individual Deputies are liable for Plaintiff's injuries, either because they were integral participants in causing damages and the violation of Plaintiff's civil rights, or because they failed to intervene to prevent these violations.

54.    As described above, conduct and actions of the Individual Deputies deprived Plaintiff's of rights guaranteed by the United States Constitution, the Fourth Amendment, and 42 U.S.C. § 1983, resulting in harm and damages to Plaintiff, as described herein.

55.    Due to the conduct of the Individual Deputies, Plaintiff has been required to incur Attorneys' fees and will continue to incur attorneys' fees, all to Plaintiff's damage in a sum to be proved at trial and recoverable pursuant to 42 U.S.C. §1988.

56.    The Individual Deputies acted in a willful, wanton, malicious, and oppressive manner with a conscious disregard of Plaintiff's rights conferred upon Plaintiff by intentionally, knowingly, and recklessly violating those rights and causing damages. In so acting, the Individual Deputies manifested a conscious or reckless disregard for Plaintiff's rights, so as to justify the assessment of punitive and exemplary damages against the Individual Deputies in a sum to be established according to proof.

## SECOND CLAIM FOR RELIEF

### Excessive Force in Violation of 42 U.S.C. § 1983

*(Plaintiff Against All Individual Deputies)*

57.    Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

58.    As alleged herein, on April 29, 2024, the Individual Deputies seized Plaintiff's person.  When doing so, the Individual Deputies did so with the use of unnecessary, unreasonable, and excessive force.  Specifically, the Individual Deputies tackled to the ground and twising Plaintiff's arms and shoulders which were recently injured in the prior motorcycle accident with such force that it caused Plaintiff to

KIRAKOSIAN LAW, APC

suffer multiple injuries to Plaintiff's arms, shoulders, and back.

59.    At all relevant times, the Individual Deputies had a duty to use reasonable care in their interaction with the Plaintiff and to ensure that an individual is free from foreseeable risks of harm and not to expose such person to reasonably foreseeable risks of injury, including, but not limited to, the sue of excessive force that caused harm to Plaintiff.

60.    Neither the basis for the seizure nor the methods used to conduct the seizure were legal, justifiable, reasonable, or based on any reasonable or probable cause.

61.    At all relevant times and specifically at the time that force was used:

a.    The nature of the crime or other circumstances known to the Individual Deputies was not of the type that would lead a reasonable law enforcement officer to reasonably believe that the extent of the force used was reasonable, lawful, necessary, or justifiable;

b.    The Plaintiff was not engaged in any conduct that would lead a reasonable law enforcement officer to reasonably believe that Plaintiff posed an immediate threat to the safety of the Individual Deputies or to others;

c.    The Plaintiff was not engaged in any conduct that would lead a reasonable law enforcement officer to reasonably believe that Plaintiff were actively resisting arrest or attempting to evade arrest by flight;

d.    The Individual Deputies had a reasonable amount of time that would lead a reasonable law enforcement officer to determine that a less intrusive and less excessive amount of force would accomplish the lawful objectives of the Individual Deputies.

e.    No reasonable law enforcement officer would determine that the amount of force used by the Individual Deputies was reasonable or necessary given the need for the use of force;

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

KIRAKOSIAN LAW, APC

f. The Individual Deputies made no efforts to temper or limit the amount of force used, and in fact, had equally effective and available alternative methods to accomplish the lawful objections of the Individual Deputies;

g. There was no ongoing criminal actions, violent actions, or security problems that would lead a reasonable law enforcement officer to reasonably believe that the amount of force used by the Individual Deputies was reasonable, lawful, necessary, or justifiable;

h. There were no officers or persons lives which were at risk by the circumstances or conduct by Plaintiff of type that would lead a reasonable law enforcement officer to reasonably believe that the extent of the force used was reasonable, lawful, necessary, or justifiable;

i. It was practical for a reasonable law enforcement officer to give warnings of an imminent intention to use force, yet the Individual Deputies failed to give such warning;

j. There was no probable cause for a reasonable officer to believe that Plaintiff had engaged in any violent or threatening conduct, nor were the Individual Deputies responding to any calls arising from alleged violence.

62. The Individual Deputies violated Plaintiff's State and Federal civil rights by using excessive force when the Individual Deputies violently, recklessly, and needlessly escalated an encounter into one with the use of extreme physical force.

63. No objective facts readily available and known to the Individual Deputies could have reasonably led a reasonable law enforcement officer to conclude that the use of force upon Plaintiff was was reasonable, lawful, or justified.

64. Further, the Individual Deputies actions and use of force violated not only their training and standard police officer training, but all common sense and human decency.

65. Defendants' unjustified excessive use of force deprived Plaintiff of rights to be secure against unreasonable use of force as guaranteed under State law and the

- 12 -

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

Fourth Amendment of the United States Constitution.

66. The Individual Deputies knew, or in the exercise of ordinary and reasonable care should have known, that Defendants' conduct posed a significant risk of harm to Plaintiff.

67. The Individual Deputies knew that their conduct could and would likely result in the violation of Plaintiff's State and Federal civil rights.

68. The Individual Deputies knew that their conduct could and would likely result in further significant injury or the unnecessary and wanton infliction of emotional distress.

69. The Individual Deputies disregarded the risks that their conduct would likely result in a violation of rights and cause damages to Plaintiff.

70. As a result of the misconduct alleged herein, the Individual Deputies are liable for Plaintiff's injuries, either because they were integral participants in causing damages and the violation of Plaintiff's civil rights, or because they failed to intervene to prevent these violations.

71. As described above, conduct and actions of the Individual Deputies deprived Plaintiff's of rights guaranteed by the United States Constitution, the Fourth Amendment, and 42 U.S.C. § 1983, resulting in harm and damages to Plaintiff, as described herein.

72. Due to the conduct of the Individual Deputies, Plaintiff has been required to incur Attorneys' fees and will continue to incur attorneys' fees, all to Plaintiff's damage in a sum to be proved at trial and recoverable pursuant to 42 U.S.C. §1988.

73. The Individual Deputies acted in a willful, wanton, malicious, and oppressive manner with a conscious disregard of Plaintiff's rights conferred upon Plaintiff by intentionally, knowingly, and recklessly violating those rights and causing damages. In so acting, the Individual Deputies manifested a conscious or reckless disregard for Plaintiff's rights, so as to justify the assessment of punitive and exemplary damages against the Individual Deputies in a sum to be established

KIRAKOSIAN LAW, APC

according to proof.

## THIRD CLAIM FOR RELIEF

### Malicious Investigation and Prosecution in Violation of 42 U.S.C. § 1983

*(Plaintiff Against All Individual Deputies)*

74.    Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

75.    As described herein, the Individual Deputies stopped, searched, seized, arrested, and had Plaintiff charged with crimes, and did so intentionally, unreasonably, and without a lawful basis.

76.    Following the Incident, Plaintiff was charged with PC 148 - Obstruction and Resisting, PC 71 - Threatening a Public Official, HS11550 - Under the Influence. At all relevant times, prior to, during, and after the seizure and arrest of Plaintiff, the Individual Deputies knew that Plaintiff had not committed the crime of PC 148 - Obstruction and Resisting, PC 71 - Threatening a Public Official, HS11550 - Under the Influence, yet continued their investigation and preparation of reports to criminally charge and prosecute Plaintiff, despite their knowledge of his innocence, and were deliberately indifferent to Plaintiff's innocence.

77.    Prior to and during the Incident, the Individual Deputies fabricated caused to investigate and continue to investigate Plaintiff despite the fact that they knew that Plaintiff was innocent, or deliberately indifferent to Defendants' innocence. Moreover, the results of the investigation were used to criminally charge and prosecute Plaintiff.

78.    Prior to, during, and after the Incident, the Individual Deputies deliberately fabricated observations and evidence that the Individual Deputies used to initiate criminal charges and prosecution of Plaintiff.

79.    The Individual Deputies engaged in deliberate efforts to cover up their own wrongful conduct by providing false statements and testimony, or authorizing or approving false reports, and/or aiding and abetting the preparation, authorization, or approval of false reports to maliciously charge and prosecute Plaintiff of crimes they

- 14 -

KIRAKOSIAN LAW, APC

KIRAKOSIAN LAW, APC

knew that Plaintiff was innocent, or deliberately indifferent to Defendants' innocence.

80. The underlying criminal case, Case No. MWV24006680, was resolved in Plaintiff's favor and dismissed on 5/24/2024.

81. The Individual Deputies knew, or in the exercise of ordinary and reasonable care should have known, that Defendants' conduct posed a significant risk of harm to Plaintiff.

82. The Individual Deputies knew that their conduct could and would likely result in the violation of Plaintiff's State and Federal civil rights.

83. The Individual Deputies knew that their conduct could and would likely result in further significant injury or the unnecessary and wanton infliction of emotional distress.

84. The Individual Deputies disregarded the risks that their conduct would likely result in a violation of rights and cause damages to Plaintiff.

85. As a result of the misconduct alleged herein, the Individual Deputies are liable for Plaintiff's injuries, either because they were integral participants in causing damages and the violation of Plaintiff's civil rights, or because they failed to intervene to prevent these violations.

86. As described above, conduct and actions of the Individual Deputies deprived Plaintiff's of rights guaranteed by the United States Constitution, the Fourth Amendment, and 42 U.S.C. § 1983, resulting in harm and damages to Plaintiff, as described herein.

87. Due to the conduct of the Individual Deputies, Plaintiff has been required to incur Attorneys' fees and will continue to incur attorneys' fees, all to Plaintiff's damage in a sum to be proved at trial and recoverable pursuant to 42 U.S.C. §1988.

88. The Individual Deputies acted in a willful, wanton, malicious, and oppressive manner with a conscious disregard of Plaintiff's rights conferred upon Plaintiff by intentionally, knowingly, and recklessly violating those rights and causing damages. In so acting, the Individual Deputies manifested a conscious or reckless

disregard for Plaintiff's rights, so as to justify the assessment of punitive and exemplary damages against the Individual Deputies in a sum to be established according to proof.

## FOURTH CLAIM FOR RELIEF

### Negligence

(*Plaintiff Against All Defendants*)

89.    Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

90.    At all relevant times, the Individual Deputies  had a duty to use reasonable care in their interaction with the Plaintiff and to ensure he is free from foreseeable risks of harm and not to expose him to reasonably foreseeable risks of injury, including, but not limited to, causing harm to Plaintiff as alleged herein.

91.    As described herein, the Individual Deputies  breached that duty of care owed to the public and to the Plaintiff by failing to act with the requisite care required and engaging in the violation of Plaintiff's State and Federal claims as set forth in further detail herein.

92.    The Individual Deputies  knew, or in the exercise of ordinary and reasonable care should have known, that their conduct posed a significant risk of harm to Plaintiff's.

93.    Based on the objective facts readily available and known to the Individual Deputies, no reasonable conclusion could be drawn to conclude that the search and seizure was reasonable or lawful under the circumstances.

94.    Individual Deputies violated not only their departmental training, but California's "Police Officer Standards and Training" policies as well all common sense and human decency.

95.    The Individual Deputies  knew that their conduct could and would likely result in the violation of Plaintiff's State and Federal civil rights.

*Kirakosian Law, APC*

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

**KIRAKOSIAN LAW, APC**

96.   The Individual Deputies  knew that their conduct could and would likely result in further significant injury or the unnecessary and wanton infliction of emotional distress.

97.   The Individual Deputies  disregarded the risks that their conduct would likely result in a violation of rights and cause damages to Plaintiff.

98.   As a result of the misconduct alleged herein, the Individual Deputies are liable for Plaintiff's injuries, either because they were integral participants in causing damages and the violation of Plaintiff's civil rights, or because they failed to intervene to prevent these violations.

99.   At all relevant times, the Individual Deputies were acting with the complete authority and ratification of their principal, Defendant County of San Bernardino. Pursuant to California Government Code Section 815.2, Defendant County of San Bernardino is vicariously liable for the acts, omissions and conduct of its employees and vicariously liable for all State claims set forth herein.

## FIFTH CLAIM FOR RELIEF

### False Arrest / Imprisonment

*(Plaintiff Against All Defendants)*

100.   Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

101.   As described in detail herein, the Individual Deputies searched and seized Plaintiff's person and property, and did so intentionally, in that the Individual Deputies acted with a conscious objective to search and seize Plaintiff.

102.   At all relevant times, the encounter was not a consensual encounter, but a search and seizure in which Plaintiff was not at liberty to ignore the police presence and go about Plaintiff's business.

103.   Individual Deputies violated not only their departmental training, but California's "Police Officer Standards and Training" policies as well all common sense and human decency.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

104. As described in further detail herein, the Individual Deputies intentionally deprived Plaintiff of his freedom of movement that Plaintiff did not knowingly or voluntarily consent.

105. The Individual Deputies knew that their conduct could and would likely result in the violation of Plaintiff's State and Federal civil rights.

106. The Individual Deputies knew that their conduct could and would likely result in further significant injury or the unnecessary and wanton infliction of emotional distress.

107. The Individual Deputies disregarded the risks that their conduct would likely result in a violation of rights and cause damages to Plaintiff.

108. As a result of the misconduct alleged herein, the Individual Deputies are liable for Plaintiff's injuries, either because they were integral participants in causing damages and the violation of Plaintiff's civil rights, or because they failed to intervene to prevent these violations.

109. At all relevant times, the Individual Deputies were acting with the complete authority and ratification of their principal, Defendant County of San Bernardino. Pursuant to California Government Code Section 815.2, Defendant County of San Bernardino is vicariously liable for the acts, omissions and conduct of its employees and vicariously liable for all State claims set forth herein.

110. The Individual Deputies acted in a willful, wanton, malicious, and oppressive manner with a conscious disregard of Plaintiff's rights conferred upon Plaintiff by intentionally, knowingly, and recklessly violating those rights and causing damages. In so acting, the Individual Deputies manifested a conscious or reckless disregard for Plaintiff's rights, so as to justify the assessment of punitive and exemplary damages against the Individual Deputies in a sum to be established according to proof.

PLAINTIFF'S COMPLAINT FOR DAMAGES

## SIXTH CLAIM FOR RELIEF

### Battery

(*Plaintiff Against All Defendants*)

111.  Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

112.  As alleged herein, on April 29, 2024, the Individual Deputies seized Plaintiff's person.  When doing so, the Individual Deputies did so with the use of unnecessary, unreasonable, and excessive force.  Specifically, the Individual Deputies tackled to the ground and twising Plaintiff's arms and shoulders which were recently injured in the prior motorcycle accident with such force that it caused Plaintiff to suffer multiple injuries to Plaintiff's arms, shoulders, and back.

113.  At all relevant times, the Individual Deputies had a duty to use reasonable care in their interaction with the Plaintiff and to ensure that an individual is free from foreseeable risks of harm and not to expose such person to reasonably foreseeable risks of injury, including, but not limited to, the sue of excessive force that caused harm to Plaintiff.

114.  Neither the basis for the seizure nor the methods used to conduct the seizure were legal, justifiable, reasonable, or based on any reasonable or probable cause.

115.  The Individual Deputies violated Plaintiff's State and Federal civil rights by using excessive force when the Individual Deputies violently, recklessly, and needlessly escalated an encounter into one with the use of extreme physical force.

116.  No objective facts readily available and known to the Individual Deputies could have reasonably led a reasonable law enforcement officer to conclude that the use of force upon Plaintiff was was reasonable, lawful, or justified.

117.  Further, the Individual Deputies actions and use of force violated not only their training and standard police officer training, but all common sense and human decency.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

KIRAKOSIAN LAW, APC

118. Defendants' unjustified excessive use of force deprived Plaintiff of rights to be secure against unreasonable use of force as guaranteed under State law and the Fourth Amendment of the United States Constitution.

119. As described in further detail herein, the Individual Deputies intentionally made physical and offensive contacts toward Plaintiff which he did not consent.

120. The Individual Deputies knew that their conduct could and would likely result in the violation of Plaintiff's State and Federal civil rights.

121. The Individual Deputies knew that their conduct could and would likely result in further significant injury or the unnecessary and wanton infliction of emotional distress.

122. The Individual Deputies disregarded the risks that their conduct would likely result in a violation of rights and cause damages to Plaintiff.

123. As a result of the misconduct alleged herein, the Individual Deputies are liable for Plaintiff's injuries, either because they were integral participants in causing damages and the violation of Plaintiff's civil rights, or because they failed to intervene to prevent these violations.

124. At all relevant times, the Individual Deputies were acting with the complete authority and ratification of their principal, Defendant County of San Bernardino. Pursuant to California Government Code Section 815.2, Defendant County of San Bernardino is vicariously liable for the acts, omissions and conduct of its employees and vicariously liable for all State claims set forth herein.

125. The Individual Deputies acted in a willful, wanton, malicious, and oppressive manner with a conscious disregard of Plaintiff's rights conferred upon Plaintiff by intentionally, knowingly, and recklessly violating those rights and causing damages. In so acting, the Individual Deputies manifested a conscious or reckless disregard for Plaintiff's rights, so as to justify the assessment of punitive and exemplary damages against the Individual Deputies in a sum to be established according to proof.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

KIRAKOSIAN LAW, APC

## SEVENTH CLAIM FOR RELIEF

### Malicious Prosecution

(*Plaintiff Against All Defendants*)

126.  Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

127.  Following the Incident, Plaintiff was charged with PC 148 - Obstruction and Resisting, PC 71 - Threatening a Public Official, HS11550 - Under the Influence. At all relevant times, prior to, during, and after the seizure and arrest of Plaintiff, the Individual Deputies knew that Plaintiff had not committed the crime of PC 148 - Obstruction and Resisting, PC 71 - Threatening a Public Official, HS11550 - Under the Influence, yet continued their investigation and preparation of reports to criminally charge and prosecute Plaintiff, despite their knowledge of his innocence, and were deliberately indifferent to Defendants' innocence.

128.  Prior to and during the Incident, the Individual Deputies fabricated caused to investigate and continue to investigate Plaintiff despite the fact that they knew that Plaintiff was innocent, or deliberately indifferent to Defendants' innocence. Moreover, the results of the investigation were used to criminally charge and prosecute Plaintiff.

129.  Prior to, during, and after the Incident, the Individual Deputies deliberately fabricated observations and evidence that the Individual Deputies used to initiate criminal charges and prosecution of Plaintiff.

130.  The Individual Deputies engaged in deliberate efforts to cover up their own wrongful conduct by providing false statements and testimony, or authorizing or approving false reports, and/or aiding and abetting the preparation, authorization, or approval of false reports to maliciously charge and prosecute Plaintiff of crimes they knew that Plaintiff was innocent, or deliberately indifferent to Defendants' innocence.

131.  The underlying criminal case, Case No. MWV24006680, was resolved in Plaintiff's favor and dismissed on 5/24/2024.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

132.  The Individual Deputies  knew that their conduct could and would likely result in the violation of Plaintiff's State and Federal civil rights.

133.  The Individual Deputies  knew that their conduct could and would likely result in further significant injury or the unnecessary and wanton infliction of emotional distress.

134.  The Individual Deputies  disregarded the risks that their conduct would likely result in a violation of rights and cause damages to Plaintiff.

135.  As a result of the misconduct alleged herein, the Individual Deputies are liable for Plaintiff's injuries, either because they were integral participants in causing damages and the violation of Plaintiff's civil rights, or because they failed to intervene to prevent these violations.

136.  At all relevant times, the Individual Deputies were acting with the complete authority and ratification of their principal, Defendant County of San Bernardino. Pursuant to California Government Code Section 815.2, Defendant County of San Bernardino is vicariously liable for the acts, omissions and conduct of its employees and vicariously liable for all State claims set forth herein.

137.  The Individual Deputies acted in a willful, wanton, malicious, and oppressive manner with a conscious disregard of Plaintiff's rights conferred upon Plaintiff by intentionally, knowingly, and recklessly violating those rights and causing damages. In so acting, the Individual Deputies manifested a conscious or reckless disregard for Plaintiff's rights, so as to justify the assessment of punitive and exemplary damages against the Individual Deputies in a sum to be established according to proof.

## EIGHTH CLAIM FOR RELIEF

### Violation of the Bane Act

(*Plaintiff Against All Defendants*)

138.  Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

139.   California Civil Code, Section 52.1 (the Bane Act), prohibits any person from interfering with another person's exercise or enjoyment of his constitutional rights by threats, intimidation, or coercion (including by violating a person's rights against unlawful searches and seizures, excessive force, and other civil rights violations enumerated herein).

140.   Any individual whose exercise or enjoyment of rights secured by the Constitution or laws of this state, has been interfered with, as described in subdivision (a), may institute and prosecute in his name and on his own behalf a civil action for damages, including but not limited to, damages under Section 52, injunctive relief, and other appropriate equitable relief to protect the peaceable exercise or enjoyment of the rights secured, including appropriate equitable and declaratory relief to eliminate a pattern or practice of conduct as described in subdivision (a).

141.   The Bane Act, the California Constitution and California common law prohibit the use of excessive force, wrongful detention and arrest, and other civil rights violations by law enforcement. California Civil Code, Section 52.1(b) authorizes a private right of action and permits survival actions for such claims. The Individual Deputies violated Plaintiff's State and Federal rights as described in detail herein, all of which acts were done intentionally and with a reckless disregard for Plaintiff's rights.

142.   The conduct of the Individual Deputies was a substantial factor in causing the harm, losses, injuries, and damages of Plaintiff as described herein.

143.   Defendant DOE OFFICERS, while working as police officers for the CITY Police Department, and acting within the course and cope of their duties, interfered with or attempted to interfere with the rights of Oscar Vasquez Lopez to be free from unreasonable searches and seizures, and to be free from state actions that shock the conscience, by threatening or committing acts involving violence, threats, coercion, or intimidation.

PLAINTIFF'S COMPLAINT FOR DAMAGES

144. The Individual Deputies knew that their conduct could and would likely result in the violation of Plaintiff's State and Federal civil rights.

145. The Individual Deputies knew that their conduct could and would likely result in further significant injury or the unnecessary and wanton infliction of emotional distress.

146. The Individual Deputies disregarded the risks that their conduct would likely result in a violation of rights and cause damages to Plaintiff.

147. As a result of the misconduct alleged herein, the Individual Deputies are liable for Plaintiff's injuries, either because they were integral participants in causing damages and the violation of Plaintiff's civil rights, or because they failed to intervene to prevent these violations.

148. At all relevant times, the Individual Deputies were acting with the complete authority and ratification of their principal, Defendant County of San Bernardino. Pursuant to California Government Code Section 815.2, Defendant County of San Bernardino is vicariously liable for the acts, omissions and conduct of its employees and vicariously liable for all State claims set forth herein.

149. The Individual Deputies acted in a willful, wanton, malicious, and oppressive manner with a conscious disregard of Plaintiff's rights conferred upon Plaintiff by intentionally, knowingly, and recklessly violating those rights and causing damages. In so acting, the Individual Deputies manifested a conscious or reckless disregard for Plaintiff's rights, so as to justify the assessment of punitive and exemplary damages against the Individual Deputies in a sum to be established according to proof.

150. Due to the conduct of the Individual Deputies, Plaintiff has been required to incur Attorneys' fees and will continue to incur attorneys' fees, all to Plaintiff's damage in a sum to be proved at trial and recoverable pursuant to California Civil Code, Section 52.1 et seq.

PLAINTIFF'S COMPLAINT FOR DAMAGES

## DEMAND FOR JURY TRIAL AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Pedro Cervantes hereby demand a jury trial on all causes of action and prays for relief and judgment against County of San Bernardino and its Individual Deputies as follows:

1. For past and future general damages in an amount to be determined by proof at trial;

2. For past and future special damages in an amount to be determined by proof at trial;

3. For punitive and exemplary damages against the Individual Deputies;

4. For reasonable attorneys' fees and costs as provided by statute;

5. For all penalties and other special damages as allowable by law;

6. For costs of suit incurred herein;

7. For interest; and

8. For such other and further relief as the Court deems just and proper.

Date:  November 8, 2024

KIRAKOSIAN LAW, APC

By _____
GREG L. KIRAKOSIAN
RAFFI S. BATANIAN
*Attorneys for Plaintiff,*
PEDRO CERVANTES

PLAINTIFF'S COMPLAINT FOR DAMAGES